ISHEE, J.,
for the Court:
¶ 1. In March 2004, Dennis Scales pleaded guilty in the Noxubee County Circuit Court to armed robbery. The next day, the circuit court sentenced Scales to serve eighteen years in the custody of the Mississippi Department of Corrections (MDOC). Thereafter, Scales filed a motion for post-conviction relief (PCR), which was denied by the circuit court. Aggrieved, Scales appeals. Since Scales failed to file his PCR motion within the prescribed amount of time, his appeal is *319 time-barred. Accordingly, we affirm the circuit court’s judgment.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On May 19, 2003, the National Bank of Commerce in Brooksville, Mississippi, was robbed at gunpoint by two masked men. Scales was later indicted on three counts of armed robbery, with each count reflecting the robbery of each of the three tellers working at the bank on May 19. Scales retained Richard Burdine to represent him in the matter. However, on the day of Scales’s arraignment, Burdine was unavailable, and a public defender assisted Scales in entering a plea of not guilty. The case was set for trial on March 9, 2004, with all pretrial motions to be filed by January 29, 2004.
¶ 3. Burdine failed to file any motions in the case, and on March 8, 2004, one day before the trial, Burdine petitioned the circuit court on behalf of Scales to alter the initial plea of not guilty to reflect a plea of guilty. Burdine presented the circuit court with an open plea petition reflecting Scales’s plea of guilty to one count of armed robbery. Burdine and Scales both acknowledged to the circuit court that Burdine had drafted the paperwork and that Scales had merely signed the document. The circuit court then questioned Scales regarding his understanding of his plea.
¶ 4. After several lines of questioning were complete, the circuit court asked Scales if he had any other questions. Scales responded that he did not understand the meaning of the petition. When asked by the circuit court to clarify his statement, Scales said it was his understanding that the petition before the circuit court was a request for a continuance of the trial scheduled for the very next day. The circuit court responded that the petition was not one for a continuance and that there would be no continuance in Scales’s case because he was pleading guilty. The circuit court never asked Scales if he was satisfied with the assistance of his counsel, nor did the circuit court review with Scales the contents of the petition, which included the elements of the charges and the consequences of pleading guilty. The circuit court only asked Burdine if he had discussed the information in the plea petition with Scales, to which Burdine responded that he had. The circuit court then accepted Scales’s guilty plea to one count of armed robbery.
¶ 5. The next day the circuit court agreed to dismiss the other two counts of armed robbery and proceeded with Scales’s sentencing hearing. The circuit court sentenced Scales to serve eighteen years in the custody of the MDOC. Over four years later, on October 21, 2008, Scales filed a pro se PCR motion requesting his guilty plea be set aside and alleging claims of ineffective assistance of counsel. Scales then filed a motion to compel alleging that he had not received a transcript of his plea colloquy and sentencing hearing despite prior requests.
¶ 6. The circuit court held a hearing regarding Scales’s lack of the transcripts and acknowledged that Scales’s PCR motion would ordinarily be deemed untimely. However, in deciding whether to accept Scales’s PCR motion despite the time lapse, the circuit court noted the difficulty both Scales and the circuit court were having in locating the transcript Scales had requested on numerous occasions. Jan Harris, the court reporter who had recorded Scales’s guilty-plea colloquy and sentencing hearing, had been petitioned on multiple occasions to produce the transcripts to no avail. At the time of the PCR-motion hearing on March 28, 2011, the circuit court was unable to locate Har *320 ris or the transcripts, despite orders from the circuit court holding Harris in contempt of court until she produced the documents. Harris appeared in the circuit court on April 1, 2011, after being summoned for a contempt hearing, and produced her tapes of the hearings. Another court reporter was ordered to complete the transcripts within twenty days and file them with the circuit court’s clerk.
¶ 7. The circuit court opined that since some of Scales’s arguments in his PCR motion hinged on the events that took place during his guilty-plea hearing and sentencing hearing, thus necessitating the production of the two transcripts, the court would allow Scales to proceed with his PCR motion. After the transcripts were filed, the circuit court denied Scales’s PCR motion. Scales appeals claiming (1) the circuit court erred in failing to conduct an evidentiary hearing; (2) the circuit court had no factual basis on which to accept Scales’s guilty plea; and (3) his guilty plea to armed robbery was involuntarily and unintelligently entered.
DISCUSSION
¶ 8. PCR motions are governed by Mississippi Code Annotated section 99-39-5 (Supp.2011). Section 99-39-5(2) grants a petitioner three years to request post-conviction relief. After that time, only certain cases are excepted from the procedural bar. Exceptions to the three-year statute of limitations are as follows:
That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of [the movant’s] conviction or sentence or that [the mov-ant] has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or [t]hat, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the [movant] would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution. Likewise excepted are those cases in which the [movant] claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.
Miss.Code Ann. § 99-39-5(2)(a)-(b).
¶ 9. Here, the claims asserted by Scales were predicated on events that occurred during his guilty-plea hearing and sentencing hearing. The transcripts for both hearings were eventually located and presented to the circuit court along with all of Scales’s motions and pleadings in the case. Nonetheless, Scales did not have to obtain the transcripts in question in order to file his PCR motion.
¶ 10. Mississippi Code Annotated section 99-39-9(l)(e) (Supp.2012) outlines the requirements for the contents of a PCR motion. The statute does not require that relevant transcripts must be submitted. Furthermore, the plea-hearing information that is the basis for Scales’s PCR motion is within Scales’s personal knowledge. For specific facts within the personal knowledge of the petitioner, only a sworn statement by the petitioner is required.
*321 ¶ 11. Even if the facts at hand were outside of Scales’s knowledge, thus requiring copies of the relevant documents or records, the statute excuses the absence of such documents or records upon the petitioner’s showing of good cause why they cannot be obtained. Miss.Code Ann. § 99-39-9(l)(e). Accordingly, Scales could have filed his PCR motion timely and “state[d] what [he] ha[d] done to attempt to obtain the ... records and documents” in order to proceed with his claim for post-conviction relief. Id.
¶ 12. Accordingly, while the acquisition of the transcripts in question was outside of Scales’s control, the transcripts were not required for Scales to file his PCR motion. As such, the circumstances surrounding the late filing of Scales’s PCR motion did not exempt the motion from the three-year time bar. Thus, this issue is without merit.
¶ 13. THE JUDGMENT OF THE NOXUBEE COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NOXUBEE COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., AND RUSSELL, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.